# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIVITASDX LLC, et al.,<br><br>                   Plaintiffs,<br>v.<br>TRILOGY FEDERAL, LLC,<br><br>                   Defendant. | Case No. 24-cv-1522-MMA-MSB<br><br>**ORDER GRANTING MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>[Doc. No. 19] |

    Pending before the Court is Plaintiffs CivitasDX LLC and Cognitive Medical Systems, Inc.'s *ex parte* motion to file under seal an unredacted version of Plaintiffs' amended complaint, as well as Exhibits A and B. Doc. No. 19. Plaintiffs' motion to seal is unopposed to date.

    When presented with a request to file a document under seal, the Court begins with the strong presumption in favor of the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978); *see also Kamakana v. City and Cnty. of Honolulu*,

447 F.3d 1172, 1178 (9th Cir. 2006).  "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'"  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).  As such, the burden on a motion to seal falls squarely on the movant.  *Kamakana*, 447 F.3d at 1176.  The moving party can only overcome the presumption by "articulat[ing] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process."  *Id.* at 1178 (citations omitted) (internal quotation marks omitted).  "In turn, the court must 'conscientiously balance[ ] the competing interests' of the public and the party who seeks to keep certain judicial records secret."  *Id.* at 1179 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'"  *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435 U.S. at 599).

      Having reviewed the motion and respective documents, the Court finds that Plaintiffs have shown compelling reasons to file the unredacted amended complaint, along with Exhibits A and B, under seal.  *See, e.g.*, *Clark v. InComm Fin. Servs., Inc.*, No. EDCV221839JGBSHKX, 2024 WL 1699346, at *3 (C.D. Cal. Apr. 9, 2024) ("[T]he proposed redacted material also contains 'the personal contact information of Plaintiff Clark and several non-parties, including email addresses and telephone numbers.' […] Courts frequently seal personal contact information, such as email addresses and phone numbers, especially for third parties."); *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. MDL 2672 CRB (JSC), 2016 WL 11807130, at *2 (N.D. Cal. Aug. 24, 2016) ("There is a compelling reason for sealing, namely, the disclosure of the non-party employees' names would infringe on those individuals' privacy rights.").

1 | Accordingly, the Court **GRANTS** Plaintiffs' motion and **DIRECTS** the Clerk of
2 | Court to file Doc. No. 20 **UNDER SEAL**.
3 |     **IT IS SO ORDERED**.
4 | Dated: January 22, 2025

                           *[signature]*

                 HON. MICHAEL M. ANELLO
                 United States District Judge